**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 2:20-cv-00661-CAS(GJSx) | Date | March 11, 2020 |
|---|---|---|---|
| Title | VIESTURS PETERSONS v. TRANSAMERICA LIFE INSURANCE COMPANY ET AL. | | |

Present: The Honorable    **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present                                  Not Present

**Proceedings:**    (IN CHAMBERS) - DEFENDANT'S MOTION TO DISMISS (Dkt. [ 12 ], filed February 12, 2020)

The Court finds Transamerica's motion to dismiss appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7–15. Accordingly, the hearing date of March 16, 2020 is hereby **VACATED**.

## I. INTRODUCTION AND BACKGROUND

Plaintiff Viesturs Petersons ("plaintiff") filed this action against defendant Transamerica Life Insurance Company ("Transamerica") and Does 1–50 in the Superior Court of the State of California for the County of Los Angeles on December 18, 2019. Dkt. 1-1, Exh. E ("Compl."). On January 22, 2020, Transamerica removed this action to the United States District Court for the Central District of California. Dkt. 1.

Plaintiff alleges that on June 19, 1986, Transamerica's predecessor issued a universal life insurance policy ("the Policy") with a face amount of $916,500.00 to plaintiff. Compl. ¶¶ 6–7. According to plaintiff, the Policy's "annual premium amount was $14,826.00" and "was due to be paid for a period of twenty years[.]" Id. ¶ 8. Plaintiff purchased the Policy "because he wanted to make sure that his family would be protected if he unexpectedly passed away." Id. ¶ 7.

Between June 1986 and March 2006, plaintiff asserts that he "satisf[ied] all premium payments owed under the Policy." Compl. ¶ 9. In addition, Transamerica applied additional monthly deduction rates ("MDRs") against the value of the policy, which plaintiffs contend Transamerica "dramatically increase[ed] . . . [thereby] increasing the monthly charges that a policyholder must pay to prevent a lapse." Id. ¶ 10.

Plaintiff also contends that in addition to annual premium payments and MDRs due under the Policy, "there was an initial leveraged premium in the amount of $333,334.00 to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL    'O'

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-00661-CAS(GJSx) | Date | March 11, 2020 |
| Title | VIESTURS PETERSONS v. TRANSAMERICA LIFE INSURANCE COMPANY ET AL. | | |

fund the Policy, with an offsetting loan of the same amount." Compl. ¶ 12. According to plaintiff, "this loan was removed via withdrawal from the Policy value in or around March 1995." Id. However, "all loans made using the Policy as collateral were and should have been removed via withdrawals from the value of the Policy." Id. ¶ 13. In addition, "Transamerica credited loan principal and interest against the Policy up to and during 2016, and that such practice violated the terms of the Policy." Compl. ¶ 14.

Plaintiff contends that Transamerica's actions "caused the Policy to purportedly lapse on or around May 21, 2016" and that Transamerica's "dramatic increase violates the terms of the Policy[.]" Compl. ¶¶ 11, 15. According to plaintiff, "at the time that the Policy was purportedly lapsed, the net death benefit under the Policy was in excess of $2.7 million. But for the lapse of the Policy, the net death benefit would have continued to increase since May 21, 2016." Id. ¶ 16. Plaintiff therefore asserts claims for: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing[1]; (3) violation of California's Unfair Competition Law ("UCL"); (4) elder abuse; and (5) declaratory relief. See generally id.

Transamerica filed a motion to dismiss on February 12, 2020.[2] Dkt. 12-1 ("Mot."). Plaintiff filed an opposition on February 24, 2020. Dkt. 15 ("Opp."). Transamerica filed a reply on March 2, 2020. Dkt. 17 ("Reply").

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d

---

[1]    Plaintiff does not specifically allege whether his claim for breach of the implied covenant sounds in contract or in tort. However, plaintiff seeks punitive damages in connection with this claim. See Compl. ¶ 31.

[2]    Pursuant to Central District Local Rule 19–1, the Court dismissed Does 11–50, inclusive, on February 12, 2020. Dkt. 13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    **'O'**

| Case No. | 2:20-cv-00661-CAS(GJSx) | Date | March 11, 2020 |
|---|---|---|---|
| Title | VIESTURS PETERSONS v. TRANSAMERICA LIFE INSURANCE COMPANY ET AL. | | |

696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. (internal citations omitted).

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III. DISCUSSION

#### A. Tortious Breach of the Implied Covenant Claim

Transamerica moves to dismiss plaintiff's claim for breach of the implied covenant on the basis that plaintiff's claim is time-barred. Mot. at 4. According to Transamerica, a "two-year statute of limitations governs bad faith claims brought under a tort theory" and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL      'O'**

| Case No. | 2:20-cv-00661-CAS(GJSx) | Date | March 11, 2020 |
|---|---|---|---|
| Title | VIESTURS PETERSONS v. TRANSAMERICA LIFE INSURANCE COMPANY ET AL. | | |

"[p]laintiff's bad faith claim clearly sounds in tort because it seeks remedies only available for a tortious bad faith claim" such as punitive damages and attorneys' fees. Id. Transamerica therefore contends that plaintiff's claim should be dismissed because plaintiff "br[ought] his lawsuit over three and a half years after the Policy lapsed in May 2016[.]" Mot. at 5.

"Breach of the covenant of good faith and fair dealing has been characterized as a judicially created 'hybrid' which sounds in tort or contract depending upon the facts of the case." Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1292 (9th Cir. 1987). "A bad faith action in tort against an insurer for breach of the implied covenant of good faith and fair dealing is governed by the two-year limitations period which Code of Civil Procedure section 339, subdivision (1) establishes for 'an action upon a contract, obligation or liability not founded upon an instrument of writing.'" Archdale v. Am. Internat. Specialty Lines Ins. Co., 154 Cal. App. 4th 449, 472 (2007) (internal citation and alterations omitted). If, however, the claim for breach of the implied covenant sounds in contract, then "the four-year statute of limitations under Section 337 applies." Augustine v. Transamerica Life Ins., No. 2:19-cv-06014-RGK-E, 2019 WL 8112505, at *3 (C.D. Cal. Oct. 21, 2019).

Here, plaintiff alleges that "Transamerica breached the implied covenant of good faith and fair dealing by improperly increasing monthly charges and by improperly applying certain purported loan fees, interest, and principal against the Policy value, knowing that such actions would likely cause the Policy to lapse." Compl. ¶ 28. Plaintiff alleges that the Policy did, in fact, lapse "on or around May 21, 2016." Id. ¶ 15. Moreover, according to plaintiff, "Transamerica further breached the implied covenant of good faith and fair dealing by failing to provide [p]lainitff with notice of charges, fees, interest, and principal being applied against the Policy value, as well as notice of the pending lapse of the Policy or the lapse of the Policy itself, as required by the Policy." Id. ¶ 28.

In response to Transamerica's motion to dismiss, plaintiff argues that Transamerica "overlooks the fact that early discovery was directly impeded by [Transamerica's] own conduct as alleged." Opp. at 8. Plaintiff requests that "[i]f the Court is inclined to dismiss this claim on the basis of failure to more specifically allege delayed discovery, [p]laintiff respectfully requests leave to amend to address this issue and separately plead the breach of the implied covenant of good faith claim under both tort and contract theories." Id.

To the extent that plaintiff seeks to recover in tort for Transamerica's alleged breach of the implied covenant—which plaintiff contends caused the Policy to lapse—it appears

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-00661-CAS(GJSx) | Date | March 11, 2020 |
| Title | VIESTURS PETERSONS v. TRANSAMERICA LIFE INSURANCE COMPANY ET AL. | | |

that plaintiff's claim is time-barred unless an exception to the applicable two-year statute of limitations applies. Indeed, plaintiff appears to rely on an exception to the statute of limitations—the delayed discovery rule. "To invoke the delayed discovery rule, a plaintiff must plead facts that show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." Asghari v. Volkswagen Grp. of Am., Inc., 42 F. Supp. 3d 1306, 1320 (C.D. Cal. 2013). Plaintiff's allegation that Transamerica "fail[ed] top provide . . . notice of the pending lapse of the Policy or the lapse of the Policy itself, as required by the Policy," Compl. ¶ 28, does not satisfy these requirements.

Accordingly, to the extent that plaintiff seeks to recover in tort, the Court **DISMISSES** plaintiff's claim for breach of the implied covenant **without prejudice**.

### B. Elder Abuse Claim

Plaintiff asserts a claim for elder abuse against Transamerica pursuant to Cal. Welf. & Inst. Code § 15610 et seq. See Compl. ¶¶ 39–45. According to plaintiff, "[b]y improperly increasing monthly charges for the Policy and improperly applying certain purported loan fees, interest, and principal against the Policy value, Transamerica took, depleted, appropriated, and/or retained [p]laintiff's property in bad faith for a wrongful use and/or with the intent to defraud, which constitutes financial abuse[.]" Id. ¶ 42. Here, Transamerica argues that plaintiff's "elder abuse claim fails to the extent premised on fraud, due to [plaintiff's] failure to plead fraudulent conduct with the particularity as required by Rule 9(b)." Mot. at 9.

California's Elder Abuse and Dependent Adult Civil Protection Act ("the Elder Abuse Act") provides a private right of action "to enable interested persons to engage attorneys to take up the cause of abused elderly persons and dependent adults."[3] Cal. Welf. & Inst. Code § 15600(j). The Elder Abuse Act defines various acts as "abuse of an elder," including "[p]hysical abuse, neglect, abandonment, isolation, abduction, or other treatment with resulting physical harm or pain or mental suffering." Cal. Welf. & Inst. Code § 15610.07(a)(1). The Elder Abuse Act also prohibits "financial abuse," which the Elder Abuse Act provides occurs "when a person or entity . . . [t]akes, secretes, appropriates, obtains, or retains real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both." Cal. Welf. & Inst. Code § 15610.30(a)(1). "A

---

[3] "'Elder' means any person residing in this state, 65 years of age or older." Cal. Welf. & Inst. Code § 15610.27. Plaintiff alleges that he is at least 65 years old. Compl. ¶ 41.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-00661-CAS(GJSx) | Date | March 11, 2020 |
| Title | VIESTURS PETERSONS v. TRANSAMERICA LIFE INSURANCE COMPANY ET AL. | | |

person or entity shall be deemed to have taken . . . property for a wrongful use if . . . the person or entity takes . . . the property and the person or entity knew or should have known that this conduct is likely to be harmful to the elder or dependent adult." Cal. Welf. & Inst. Code § 15610.30(b). A "person or entity takes . . . real or personal property when an elder . . . is deprived of any property right, including by means of an agreement, donative transfer, or testamentary bequest[.]" Cal. Welf. & Inst. Code § 15610.30(c).

The Court has previously dismissed in part, at the pleading stage, claims that Transamerica engaged in elder abuse based on Transamerica's MDR increases. See Thompson v. Transamerica Life Ins. Co., No. 2:18-cv-05422-CAS-GJS, 2018 WL 6790561, at *14 (C.D. Cal. Dec. 26, 2018). In that case, a putative class of elderly insureds alleged that by increasing the MDRs on policies held by the elderly, Transamerica "took, depleted, appropriated and/or retained Plaintiffs' and the Class members' personal property in bad faith for a wrongful use and/or with the intent to defraud." Id. Although the insureds argued that they "made no averments of fraud in [their] complaint," the Court noted that "the complaint does, in fact, include some averments of fraud" such as the allegation that "[b]y imposing the MDR increase, Transamerica took [the insureds'] personal property 'with the intent to defraud[.]'". Id. at *14. The Court determined that the insureds failed to state an elder abuse claim based on fraud because they "do[] not allege with particularity how [they] w[ere] defrauded, or what omission or misrepresentation [they] relied on." Id. The Court denied, however, Transamerica's motion to dismiss the insureds' elder abuse claim to the extent the claim was based on a "wrongful use" theory. Id.

In contrast, the Court has also previously sustained, at the pleading stage, claims that Transamerica engaged in elder abuse based on Transamerica's MDR increases. See Feller v. Transamerica Life Ins. Co., No. 2:16-cv-01378-CAS-AJW, 2016 WL 6602561, at *15 (C.D. Cal. Nov. 8, 2016). There, a different class of insureds alleged that "by increasing the MDR on policies held by the elderly, [Transamerica] appropriated property from elderly plaintiffs in bad faith and with intent to defraud them." Id. The insureds also asserted "that certain policy rates depend upon policyholders' age" and that "Transamerica knew or should have known that its conduct was likely to be harmful to elders." Id.

Here, plaintiff argues that "[i]t is unclear what disposition of the elder abuse claim [Transamerica] seeks." Opp. at 5. Plaintiff contends that it "has clearly adequately pled the 'wrongful use' component of elder abuse, and [Transamerica] cites no authority that requires [p]laintiff to affirmatively foreclose the possibility of an additional fraud component at this pleading stage." Opp. at 5. Transamerica does not appear to dispute

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-00661-CAS(GJSx) | Date | March 11, 2020 |
| Title | VIESTURS PETERSONS v. TRANSAMERICA LIFE INSURANCE COMPANY ET AL. | | |

that plaintiff's operative complaint states a claim for elder abuse pursuant to a "wrongful use" theory.[4] Instead, Transamerica "seeks dismissal of [p]laintiff's elder abuse claim to the extent premised on fraud . . . so any fraud theory of relief must be removed from any amended pleading." Reply at 7.

Because plaintiff "does not allege with particularity how [he] was defrauded, or what omission or misrepresentation [he] relied on," the Court concludes that plaintiff has failed to state an elder abuse claim based on fraud. See Thompson, 2018 WL 6790561, at *14. Accordingly, the Court **DISMISSES** plaintiff's elder abuse claim **without prejudice** to the extent that plaintiff alleges that "Transamerica took, depleted, appropriated, and/or retained [p]laintiff's property *with the intent to defraud*" and that "Transamerica is guilty of . . . *fraud* . . . in the commission of the above-described acts of abuse." Compl. ¶¶ 42–43 (emphases added).

    **C.**     **UCL Claim**

        **1.**     **Adequacy of Remedy**

Transamerica seeks dismissal of plaintiff's UCL claim on the basis that "[p]laintiff has an adequate remedy at law." Mot. at 6. According to Transamerica, "courts may dismiss a UCL claim at the pleading stage if the plaintiff fails to plausibly allege it lacks an adequate remedy at law by explaining 'why the damages it seeks elsewhere in its complaint are not adequate to compensate it for its alleged injuries.'"[5] Id. (internal citation omitted). Transamerica therefore contends that plaintiff "does not allege that contract remedies would be insufficient"; that plaintiff "does not even explain what conduct he purportedly seeks to enjoin"; and that plaintiff's injuries, "if proven, would be compensable through contractual damages." Id. at 7. The Court does not find Transamerica's argument availing.

---

[4] Transamerica argues that "in Thompson, this Court . . . dismissed the elder abuse [claim] to the extent [it was] based on fraud, and allowed [the elder abuse claim] to proceed to the extent [that it was] based on wrongful use" which is "the exact result [Transamerica] requests here." Reply at 8.

[5] Transamerica acknowledges that plaintiff's operative complaint alleges a claim for breach of contract which Transamerica "has not moved to dismiss[.]" Reply at 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-00661-CAS(GJSx) | Date | March 11, 2020 |
| Title | VIESTURS PETERSONS v. TRANSAMERICA LIFE INSURANCE COMPANY ET AL. | | |

The Court finds instructive James ex rel. James Ambrose Johnson, Jr.1999 Tr. v. UMG Recordings, No. 11-cv-1613-SI, 2011 WL 5192476 (N.D. Cal. Nov. 1, 2011). In that case, putative classes of royalty participants sued a record label, alleging that the record label failed to properly account for and pay its recording artists and music producers for income it had received from licensees of the label's recorded music catalog. UMG Recordings, 2011 WL 5192467, at *1. The plaintiffs asserted claims against the record label for both breach of contract and violation of the UCL. Id. The record label moved to dismiss the plaintiffs' UCL claim on the grounds that "plaintiffs cannot seek restitution and injunctive relief, the two remedies available under the UCL, because plaintiffs seek damages for breach of contract." Id. at *5 n.3. The court rejected the record label's argument because plaintiffs "may plead alternative theories of recovery for the same conduct" and "questions about the appropriateness of specific remedies are premature at this stage of the litigation." Id.

The Court therefore concludes that, at this juncture, plaintiff can seek both damages for breach of contract and remedies under the UCL, such as restitution and injunctive relief, as alternative theories of recovery.[6]

### 2. Unlawful Prong

Transamerica also seeks dismissal of plaintiff's UCL claim "to the extent [it is] based on allegedly 'unlawful' conduct, because [p]laintiff alleges no facts supporting that theory." Mot. at 8. That is because"[p]laintiff's 'unlawful' claim is based on an alleged violation of the Policy (i.e., a breach of contract)—a common law claim." Id. at 9. Transamerica contends that "[w]here no predicate violation is alleged, . . . the UCL 'unlawful' claim necessarily fails and should be dismissed." Id.

"Virtually any law or regulation—federal or state, statutory or common law—can serve as predicate for a § 17200 'unlawful' violation." William L. Stern, Business and

---

[6] Transamerica also argues that plaintiff's UCL claim should be dismissed because plaintiff "seeks to recover damages under the UCL" and "[t]he law is clear that [p]laintiff cannot recover damages on a UCL claim." Mot. at 7. However, the Court declines to dismiss plaintiff's UCL claim on this basis. See Armed Forces Bank NA v. Dragoo, No. 17-cv-00786-PHX-ROS, 2018 WL 8621584, at *4 (D. Ariz. Sept. 28, 2018) ("The general rule is that "a Rule 12(b)(6) motion will not be granted merely because a plaintiff requests a remedy to which he or she is not entitled.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:20-cv-00661-CAS(GJSx) | Date | March 11, 2020 |
|---|---|---|---|
| Title | VIESTURS PETERSONS v. TRANSAMERICA LIFE INSURANCE COMPANY ET AL. | | |

Professions Code § 17200 Practice, 3:56 (Rutter Group 2019 ed.). As the Court observed above, Transamerica does not seek to dismiss, at this juncture, plaintiff's elder abuse claim to the extent that plaintiff's elder abuse claim is based on a "wrongful use" theory. And, the Elder Abuse Act may serve as a predicate violation for a UCL claim pursuant to the UCL's unlawful prong. See Rand v. Am. Nat. Ins. Co., No. 09-cv-00639-SI, 2009 WL 2252115, at *4 (N.D. Cal. July 28, 2009) (determining that the Elder Abuse Act "may also serve as a predicate violation for plaintiff's UCL claim.").

In accordance with the foregoing, the Court declines to dismiss plaintiff's UCL claim on the basis that plaintiff has not adequately alleged a statutory violation that serves as the basis for plaintiff's claim under the UCL's unlawful prong.

### D.     Declaratory Relief Claim

Plaintiff asserts a claim for declaratory relief against Transamerica. See Compl. ¶¶ 46–48. Plaintiff "seeks a declaration as to the parties' respective rights under the Policy and requests [that] the Court . . . declare that Transamerica's improperly increasing monthly charges for the Policy and improperly applying certain purported loan fees, interest, and principal against the Policy value is unlawful and in material breach of the Policy's terms so that future controversies may be avoided." Id. ¶ 48. Transamerica seeks dismissal of plaintiff's declaratory relief claim on the grounds that it is "duplicative of [plaintiff's] breach of contract claim." Mot. at 11.

"Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. State of Wash., 759 F.2d 1353, 1357 (9th Cir. 1985). "The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate." Fed. R. Civ. P. 57. Thus, declaratory relief may be appropriate "where a breach of contract claim will not settle all of the contractual issues concerning which plaintiff seeks declaratory relief." StreamCast Networks, Inc. v. IBIS LLC, No. 2:05-cv-04239-MMM-E, 2006 WL 5720345, at *4 (C.D. Cal. May 2, 2006).

The Court has previously considered—and rejected—Transamerica's argument that a declaratory relief claim should be dismissed as "duplicative" where a related breach of contract claim challenges Transamerica's MDR increases as violative of Transamerica's policy terms. See Thompson, 2006 WL 5720345, at *13 ("It is unclear at this juncture whether resolution of plaintiff's breach of contract claim would necessarily resolve the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-00661-CAS(GJSx) | Date | March 11, 2020 |
| Title | VIESTURS PETERSONS v. TRANSAMERICA LIFE INSURANCE COMPANY ET AL. | | |

parties' prospective rights under the Policies. To the extent declaratory relief may overlap with plaintiff's other requests for relief, plaintiff may be required to make an election of remedies if she prevails on multiple claims."); accord Hamra v. Transamerica Life Ins. Co., No. 2:18-cv-06262-CAS-GJS, 2019 WL 468803, at *12 (C.D. Cal. Feb. 6, 2019). Here, plaintiff may ultimately be required to make an election of remedies should he prevail on multiple claims. At this juncture, however, the potential overlap between plaintiff's breach of contract claim and plaintiff's declaratory relief claim does not require dismissal of plaintiff's declaratory relief claim at the pleading stage.

## IV. CONCLUSION

In accordance with the foregoing, the Court orders as follows:

1. The Court **DIMISSES** plaintiff's claim for tortious breach of the implied covenant of good faith and fair dealing **without prejudice**;

2. The Court **DISMISSES** plaintiff's elder abuse claim **without prejudice** to the extent that plaintiff alleges that "Transamerica took, depleted, appropriated, and/or retained [p]laintiff's property with the intent to defraud" and that "Transamerica is guilty of . . . fraud . . . in the commission of the above-described acts of abuse" as alleged in ¶ 42 and ¶ 43 of plaintiff's complaint;

3. The Court **DENIES** Transamerica's motion to dismiss plaintiff's UCL claim;

4. The Court **DENIES** Transamerica's motion to dismiss plaintiff's declaratory relief claim.

Plaintiffs shall file an amended complaint within **thirty (30) days**.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |